UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES E. WELLS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:06-cv-00455 |
| | § | |
| UNITED STATES OF AMERICA., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM & ORDER

On March 25, 2009, the jury returned its verdict in this case. Pending before the Court is Plaintiff's Motion for New Trial. (Doc. No. 63.) For the following reasons, Plaintiff's Motion shall be denied.

### I.   BACKGROUND

This case is about withheld but unpaid employment taxes for which the Government assessed a 100 percent penalty against James E. Wells pursuant to 26 U.S.C. § 6672. A jury rendered a verdict for the Government and a final judgment was entered. Plaintiff, having obtained an affidavit from a juror who expressed disappointment with the verdict for which she voted, now moves for a new trial on several grounds.

### II.   PLAINTIFF'S MOTION FOR NEW TRIAL

#### A. Standard

Plaintiff moves for a new trial. FED. R. CIV. P. 59(b) motion. The federal rules specify that:

> unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for

1

setting aside a verdict, or for vacating modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61. A motion for a new trial or a motion to alter or amend a judgment must be filed within 10 days of the final judgment. FED. R. CIV. P. 59(b). The 10-day deadline is mandatory and jurisdictional. *See U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995); *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991). Plaintiff filed his Motion for New Trial within 10 days after the entry of final judgment. *See* FED. R. CIV. P. 6.

### B. Analysis

#### 1. Juror Affidavit

Plaintiff contends that the jurors misunderstood the law as it was intended to relate to the facts of the case so that the jury verdict was contrary to the law and the evidence. Plaintiff submits an affidavit from a juror that he contends shows that the jury improperly used the law given by them to find that Wells acted "willfully" because Wells "should have known" that the taxes were not paid. Plaintiff claims that this verdict creates manifest injustice.

Defendant responds that, in the Fifth Circuit, a defendant's admission that he continued to be paid after he knew of unpaid payroll taxes renders him liable as a matter of law. *Mazo v. United States*, 591 F.2d 1151 (5th Cir. 1979); *Barnett v. IRS*, 988 F.2d 1149, 1457 (5th Cir. 1993). The Court, noting that the law is extremely harsh, does agree that Defendant correctly stated the law of the circuit as reflected in the caselaw and the pattern Fifth Circuit jury instructions.

As to whether the jury incorrectly inferred knowledge from what Wells "should have known," Defendant moves to exclude the Affidavit pursuant to Federal Rule of Evidence 606(b) that prohibits a juror from testifying on any matter that occurred during deliberations unless it concerns improper extraneous information or outside influence. *See, e.g., Maldonado v. Missouri Pacific Ry. Co.*, 798 F.2d 764, 769 (5th Cir. 1986) (holding that the district court did not abuse its discretion in denying a motion to obtain a statement from a juror who claimed that the jury had improperly discussed giving the benefit of the doubt to the plaintiff without a preliminary showing of misconduct); *U.S. v. Brito*, 136 F.3d 397, 414 (5th Cir. 1998). Even coercion from other jurors is not considered an "outside influence" so that affidavits can be admitted. *Id.* at 414. Based on this caselaw, the policy reasons that caution against impeaching jury verdicts based on statements submitted by jurors regarding the deliberation process, and absent any allegations of improper outside influence, the Court may not properly question the jury's verdict based on the submitted Affidavit.

### 2. Great Weight of the Evidence

Plaintiff contends that there was no evidence that Wells acted intentionally. *See, e.g., Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005) (holding that a district court may grant a new trial if the jury verdict was against the great weight of the evidence). The Court does not find that the great weight of the evidence supports a new trial. The Government provided several witnesses and documents that the jury could have reasonably credited to support their finding that Wells acted intentionally.

In addition, Plaintiff argues that there were only two pieces of evidence regarding the amount of employment taxes unpaid. The first piece was the testimony of Ms. Irma

Mills from the Internal Revenue Service who purportedly explained that all taxes were timely paid for 2000Q2. The second piece was a summary that demonstrated how the Government allocated tax payments several years later. Plaintiff avers that there was no finding as the amount of those taxes owed and therefore a judgment is unjust. Consequently, Plaintiff asked that a new trial be held or that, at least, the judgment should be amended to omit recovery for 2001Q2. In his Reply, Plaintiff contends that, because Plaintiff was not employed by Wellhead Welders for all of 2001Q4, any penalty awarded the Government should exclude 2001Q4 as well.

Defendant contests the merits of a Motion to Alter or Amend a Judgment because there are only three grounds for amending judgments: manifest error of law or fact or newly discovered evidence. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. Reconsideration motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration under either 59(e) or 60(b), a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Defendant avers that no one testified that the 2001Q2 taxes had been paid. Plaintiff did not provide documentary evidence of their payment and Plaintiff points to no specific lines of testimony or exhibits in the trial transcript that shows this purported payment. Defendant notes that several exhibits admitted at trial demonstrate that unpaid

taxes were owed for 2001Q2 as of June 2006. Because Plaintiff has not made out a valid argument contesting the non-payment of 2001Q2 or 2001Q4 taxes, the Judgment will not be amended to exclude liability for either quarter.

### III. CONCLUSION

Plaintiff's Motion for a New Trial (Doc. No. 63) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**